No. 610

BOARD OF EDUCATION OF LAKEWOOD

v. LYNCH

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6614. Decided June 21, 1926.

(Roberts, PJ., and Farr, J., of the seventh district, sitting by designation).

115. ATTORNEY GENERAL—159. Board of Education—In action, by Board of Education to recover money voluntarily but unlawfully paid, journal entry not submitted to Attorney General as required by 286 GC. is null and void.

Action in Common Pleas to recover money. Judgment for defendant. Error; Judgment reversed.

First Publication of this Opinion

ROBERTS, PJ.

The Bureau of Inspection and Supervision of Public Offices, filed, with the Auditor of State, a report setting forth that certain public money of the Board of Education had been illegally expended, and set forth a finding for recovery from Lynch. The finding was predicated upon payment of some $480.00 as compensation, in addition to the regular compensation provided for in the original contract under which Lynch was serving as Superintendent of Schools.

A petition for the recovery of this sum was filed by the City Law Director. Lynch filed an answer denying the right of recovery by the Board, and a cross-petition seeking to recover an additional sum. The case was tried to the court without a jury, and a judgment was rendered in favor of defendant on plaintiff's petition, and on defendant's cross-petition.

Thereafter an entry was made on the Journal of the Court of Common Pleas as follows:

"Neither party desiring a new trial. It is therefore considered that said defendant recover of said plaintiff his said damage and also his costs of this suit. Judgment is rendered against plaintiff for the costs herein."

The attorney general made a motion to vacate this judgment on several grounds, one of which was because said entry was not presented to or approved by the Attorney General as required under provisions of 286 GC. The Common Pleas Court overrruled this motion.

This court is of the opinion that this provision of the law is mandatory in its terms and that the trial court was not authorized, under these proceedings and in this situation, to enter a judgment or final order which had not been submitted to the Attorney General, and that journal entries so entered were in violation of the statute and were therefore, nugatory and without avail. Furthermore, these entries being void and of no effect, no final judgment has been entered in this case in the Court of Common Pleas.

According to 11631 GC., 11634 GC. and 11640 GC. the motion of the Attorney General for a new trial to vacate the judgment was his proper recourse and was regular and within proper time.

The judgment of the Common Pleas Court is therefore reversed and the cause remanded.

Judgment reversed.

(Farr, J., concurs).

Attorneys—Hon. C. C. Crabbe, Atty. Gen. of Columbus, David E. Green, and Ira J. Warner of Cleveland, for Board of Education; Messrs. Guthery, Guthery, Binyon & Williams, of Cleveland, for Lynch.